1
2
3
4
5

# UNITED STATES DISTRICT COURT

6

# DISTRICT OF NEVADA

7

8   GARY DIAZ,                                    )
                                                  )
9                    Plaintiff ,                   )      Case No. 2:11-cv-01681-LRH-GWF
                                                  )
10  vs.                                           )      **REPORT AND**
                                                  )      **RECOMMENDATION**
11  DEBT RECOVERY SOLUTIONS, LLC,                 )
                                                  )      Application to Proceed in Forma
12                   Defendant.                    )      Pauperis (#1)
    _____        )
13

14          This matter comes before the Court on Plaintiff's Application to Proceed in Forma Pauperis

15  (#1), filed on October 18, 2011.  Pursuant to 28 U.S.C. § 1914(a), a filing fee of $350.00 is

16  required to commence a civil action in federal district court.  The court may authorize the

17  commencement of an action without prepayment of fees and costs or security therefor, by a person

18  who submits an affidavit that includes a statement showing the person is unable to pay such costs.

19  28 U.S.C. § 1915(a)(1).  The standard in 28 U.S.C. § 1915(a)(1) for in forma pauperis eligibility is

20  "unable to pay such fees or give security therefor." Determination of what constitutes "unable to

21  pay" or unable to "give security therefor" and, therefore whether to allow a plaintiff to proceed in

22  forma pauperis, is left to the discretion of the presiding judge, based on the information submitted

23  by the plaintiff or  plaintiffs. *See, e.g., Fridman v. City of New York*, 195 F.Supp.2d 534, 536

24  (S.D.N.Y.), aff'd, 52 Fed.Appx. 157 (2nd Cir. 2002).

25          In Plaintiff's application to proceed in forma pauperis, Plaintiff indicates that he is

26  employed and earns approximately $4700 per month.  Plaintiff also indicates that he has $2700 in

27  cash, checking or savings accounts.  Further, Plaintiff lists out several household expenses totaling

28  just over $3000 per month.  Considering Plaintiff's monthly expenses in combination with his

monthly income, Plaintiff has approximately $1700 a month in discretionary income.  Based on the financial information provided, the Court finds that Plaintiff has the ability to pay the fees associated with bringing this case.  Accordingly, upon consideration of the financial information provided, and to maintain the integrity of the indigent request process, the Court recommends that plaintiff's application to proceed in forma pauperis be denied.  Accordingly,

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Plaintiff's Application to Proceed in Forma Pauperis (#1) be **denied**.  Plaintiff therefore shall submit to the clerk's office the $350.00 fee for filing a civil action on or before **Wednesday, November 30, 2011**, or the above-captioned case shall be dismissed.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 27th day of October, 2011.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge

2